# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

CLIFTON TIMOTHY TORREY                                   PLAINTIFF

VS.                                            CIVIL ACTION NO. 5:08cv289-DCB-MTP

WARDEN JACQUELYN BANKS, *et al.*                            DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Defendants' Motions for Summary Judgment [52][55], seeking judgment in their favor on claims raised against them by the *pro se* Plaintiff's civil rights complaint. Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the Motions be granted and that Plaintiff's claims be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff Clifton Timothy Torrey, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on September 26, 2008. As set forth in his complaint and amended complaints, and as clarified during his *Spears*[1] hearing, Torrey asserts claims against Defendants Warden Jacquelyn Banks, Sharonda Jackson, Rosemary Gatlin, Officer T. Lindsey, and Larry Lee for the denial of access to the courts, denial of legal assistance, deliberate indifference to his serious medical needs, retaliation, conspiracy, mail tampering, and the denial of visitation rights. Torrey's claims occurred at the Wilkinson County Correctional Facility ("WCCF") in Woodville, MS, where he is currently incarcerated.

Torrey seeks nominal and punitive damages and injunctive relief, including a transfer to

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Torrey's *Spears* hearing occurred on March 9, 2009. *See* Transcript [61].

the Marshall County Correctional Facility. (Memo. [3] at 10.)

On June 30, 2009, Defendants Jacquelyn Banks, Sharonda Jackson, Rosemary Gatlin and T. Lindsey filed their Motion for Summary Judgment [52]. On July 9, 2009, Defendant Larry Lee filed his Motion for Summary Judgment [55]. Torrey filed his Response [56] to Mr. Lee's Motion [55] on July 23, 2009, but failed to respond to the other Motion for Summary Judgment [52], despite an Order [58] from the court directing him to do so.[2]

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Torrey, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

---

[2]Rather than filing a response to Defendants' Motion [52], Torrey filed a copy [60] of the previous response [56] he filed in opposition to Mr. Lee's Motion [55].

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove

that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Denial of Access to the Courts/Denial of Legal Assistance

Torrey asserts claims for denial of access to the courts and denial of legal assistance against Defendants Rosemary Gatlin and Larry Lee.

The Fifth Circuit has held that "Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel." *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). However, "this constitutional guarantee does not afford prisoners unlimited access to prison law libraries." *McDonald*, 132 F.3d at 230. In order to state a constitutional violation for denial of access to the courts, Torrey must show a "relevant actual injury" caused by the Defendants' alleged unconstitutional conduct. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *see also Cartner v. Lowndes County*, 89 Fed. App'x. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Taylor v. Stanciel*, 202 Fed. App'x. 662, 663 (5th Cir. 2006) (holding that plaintiff failed to show how the alleged destruction of his legal materials prevented him from preparing or filing a brief).

*Rosemary Gatlin*

Torrey claims that Rosemary Gatlin, the librarian at WCCF,[3] refused to provide him with

---

[3]Plaintiff alleges that Ms. Gatlin is the Inmate Legal Assistance Program ("ILAP") Supervisor. However, Ms. Gatlin's affidavit states that she was the librarian during the relevant time periods. *See* Ex. A to Motion [52].

4

envelopes despite the fact that he told her he needed them to meet a court deadline. However, he testified that he explained the situation to Chief Perry, who advised him to get the envelopes from his case manager. Torrey testified that he was able to get the envelopes from his case manager and met his court deadline. (Tr. [61] at 10-14.) Accordingly, this claim fails as a matter of law, as Torrey has failed show an actual injury. *See Lewis*, 518 U.S. at 349-52.

Torrey also claims that he has been denied adequate research time in the law library and does not always receive all the cases he requests from the ILAP. However, he testified that he has not yet had a case dismissed or been prevented from filing a pleading based on the above denials. However, he claims that he could have made better arguments in some of his pleadings had he been provided the cases he requested. As Torrey has failed show an actual injury caused by the alleged denials, this claim also fails as a matter of law. *See Lewis*, 518 U.S. at 349-52; *see also Moore v. Vandel*, 48 Fed. App'x. 106, 2002 WL 31017501, at *1 (5th Cir. Aug. 21, 2002) (dismissing as frivolous plaintiff's claim that he was denied access to the courts because inadequate time in the library prevented him from researching law relative to the statute of limitations, causing his civil rights claim to be dismissed as time-barred).

Torrey further claims that his habeas corpus case was dismissed as untimely because he was told by Augusta Andrews, a law library employee, that the Anti-Terrorism Effective Death Penalty Act ("AEDPA") did not apply to him. He blames this denial on misinformation provided by the ILAP, although he accepts some of the responsibility. Torrey's claim regarding the alleged misinformation provided by Augusta Andrews fails as a matter of law. Ms. Andrews is not a Defendant in this action and the other Defendants cannot be held liable for her actions on the basis of respondeat superior. *See supra, Oliver,* 276 F.3d at 742; *Thompkins*, 828 F.2d at 304.

After the dismissal of his habeas petition, Torrey alleges that he missed the deadline to

5

file a petition for rehearing with the Fifth Circuit Court of Appeals due to the inadequacy of the ILAP. Specifically, he claims that the cases he had requested from the ILAP for his petition were not timely provided, despite the ILAP's knowledge of his November 14, 2008 deadline. He claims that on November 12, 2008, he knew he would not get the cases in time to meet his deadline, so he prepared a motion for extension of time. However, he claims the ILAP department did not call him in until November 18, 2008, so his motion was not notarized and mailed until that date. (Tr. [61] at 10-11.) He claims he spoke with Ms. Gatlin about this and she told him that the tower officer should have called him to the law library and apparently did not. (Tr. [61] at 14-20.)

Torrey's claim that he missed the deadline to file a petition for rehearing with the Fifth Circuit Court of Appeals due to the inadequacy of the ILAP fails as a matter of law. The record reflects that Torrey filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 18, 2007. *See Torrey v. Banks*, 3:07-cv-413; *see* also Ex. I to Motion [52-3]. On January 23, 2008, United States Magistrate Judge James C. Sumner issued a Report and Recommendation [9] recommending that Torrey's petition be dismissed because it was filed outside the one-year statute of limitations and because there were no "'rare or exceptional' circumstances to warrant equitable tolling of the limitations period." Ex. I to Motion [52-3] at 12. On March 24, 2008, United States District Judge Daniel Jordan, III entered an Order [14] adopting the Report and Recommendation and a Judgment [15] dismissing Torrey's petition. Ex. I to Motion [52-3] at 15. Judge Jordan rejected Torrey's claims that the statute of limitations should be tolled due to misrepresentations by the ILAP and/or the inadequacies of the ILAP and the law library. *Id.*

On April 8, 2008, Torrey appealed Judge Jordan's decision to the Fifth Circuit. *See* Notice of Appeal [16], *Torrey v. Banks*, No. 3:07-cv-413. Judge Jordan denied Torrey's

6

certificate of appealability because he had not made a "substantial showing of the denial of a constitutional right." *See* Certificate [23], *Torrey v. Banks*, No. 3:07-cv-413. On October 29, 2008, the Fifth Circuit denied Torrey's certificate of appealability, stating,

> Torrey asserts that his delayed receipt of unspecified "legal work" from the state court during his transfer between state prisons and the perceived inadequacy of legal advice provided by the Inmate Legal Assistant Program provide grounds for tolling his claim for habeas relief. Torrey fails to show that reasonable jurists would disagree with the district court's resolution of his claim or that the claim deserves encouragement to proceed further. . . .

*See* Ex. H to Motion [52].

On or about November 18, 2008, Torrey filed a Petition for Enlargement of Time to File Petition for Rehearing with the Fifth Circuit. Torrey's Petition for Enlargement of Time was signed and notarized on November 18, 2008, and was stamp "filed" on November 24, 2008, by the Fifth Circuit. However, Torrey's cover letter to the Fifth Circuit for filing same was dated November 12, 2008. On December 2, 2008, the Fifth Circuit Clerk wrote a letter to Torrey stating that the court would take no action on his petition for enlargement of time because it was untimely. The letter further stated,

> Although your cover letter is dated November 12, 2008, the motion itself was notarized on November 18, 2008, with the post mark on the envelope confirming the date the motion was mailed on November 21, 2008. The time for filing a timely motion for reconsideration of the court's October 29, 2008 order under 5th Cir. R. 27 has already expired.

Ex. G to Motion [52-2].

On January 15, 2009, Torrey filed a "Motion for Relief from Judgment Order Under Rule 60(b)."[4] In his motion, he again argued that the inadequacy of the ILAP and/or law library caused his motion for rehearing to be untimely, including the same arguments about Ms. Gatlin set forth above. The Fifth Circuit denied Torrey's motion by

---

[4]*See Torrey v. Banks*, No. 08-60313, http://coa.circ5.dcn/Viewcase.aspx.

Order dated February 19, 2009.[5]

In her affidavit, Ms. Gatlin states that between the dates of October 29, 2008, and November 14, 2008, Torrey visited the law library four different times: October 31, 2008, November 4, 2008, November 10, 2008, and November 12, 2008. *See* Ex. A to Mot. [52-2]. This statement is supported by the Sign-In Log, which the inmates personally sign upon their arrival at the law library. *Id.* Further, Ms. Gatlin's sworn testimony and the exhibits attached to her affidavit reflect that Torrey sent mail to the United States Court of Appeals in Washington, D.C. on November 3, 2008, and sent mail to the U.S. District Court for the Southern District of Mississippi on November 13, 2008. *Id.* The record also reflects that he received legal mail on November 3, 2008 and November 10, 2008. *Id.*

Based on the foregoing, Torrey has failed to show that he was denied access to the law library and has failed to show that Ms. Gatlin prevented him from preparing and/or sending legal mail and making his court deadline. Thus, he has failed to show an actual injury caused by the alleged conduct of Ms. Gatlin. *See Moore*, 2002 WL 31017501, at *1 (dismissing plaintiff's claims as frivolous "[b]ecause [plaintiff] did not allege that the defendants prevented him from filing the civil rights complaint that was dismissed as time-barred or that they prevented him from preparing and transmitting any other legal document"); *Donnelly v. Edwards*, 95 Fed. App'x. 702, 703 (5th Cir. 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *see also Dickerson v. Jordan*, 34 Fed. App'x. 962, No. 01-21106, 2002 WL 663719, at *1 (5th Cir. March 26, 2002) (affirming dismissal of claim for denial of access to courts because plaintiff failed to allege an actual injury); *Morgan v. Goodwin*, 193 F.3d 1518, No. 98-21069, 1999 WL 706222, at *1 (5th Cir. Aug. 24, 1999) (affirming

---

[5]*Id.*

8

dismissal of claim for denial of access to courts because plaintiff failed to prove that his legal position was prejudiced by the alleged violation; plaintiff failed to allege which claims he was prevented from presenting to the courts).

Based on the foregoing, Rosemary Gatlin is entitled to judgment as a matter of law on Torrey's claims for denial of access to the courts and the law library.

*Larry Lee*

Torrey claims that Larry Lee is liable for his claims for denial of access to the courts and denial of legal assistance because as the Contract Monitor for the Mississippi Department of Corrections ("MDOC"), it is his responsibility to make sure all Correctional Corporation of America ("CCA") policies and procedures are followed and that CCA fulfills all its obligations. He claims he wrote Mr. Lee about the above problem and he apparently did not do anything about it. He also claims that he was delayed access to the property room containing his legal materials, which contributed to him missing the deadline to file his petition for rehearing discussed above. (Tr. [61] at 40-44.)

Torrey's claims against Mr. Lee fail for the same reasons his claims against Ms. Gatlin fail, as set forth above. Moreover, Torrey cannot hold Mr. Lee responsible for the actions/ inactions of his subordinates. *See Thompkins*, 828 F.2d at 304 (stating that supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation"); *see also Ashcroft*, 129 S. Ct. at 1948.

Torrey has failed to offer any competent summary judgment evidence of personal involvement by Larry Lee in the alleged denial of access to the courts and/or legal assistance and has failed to offer any competent summary judgment evidence of a constitutionally deficient

9

policy or lack of policy which would give rise to liability on the part of Mr. Lee in his official capacity. *See supra*, *Jolly*, 923 F. Supp. at 943 (citing *Murphy*, 950 F.2d at 292) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."); *Monell*, 436 U.S. at 694. Indeed, Torrey's Response [56][60] merely repeats his earlier allegations and states in conclusory fashion, "Plaintiff made every effort to apprize (sic) and seek assistance from Mr. Larry Lee. However, one can only infer that either Mr. Larry Lee turned a blind eye to substantial complaints or Mr. Larry Lee never received these complaints due to interference by Sharonda Jackson Mail Room Supervisor." (Response [56][60] at 2.) Torrey also includes arguments regarding claims that are not before the court, including a complaint that he was forced to wear handcuffs for seven hours on the day of his *Spears* hearing. (Response [56][60].)

Moreover, even if Mr. Lee did fail to ensure that all CCA policies and procedures were being followed, such failure would not amount to a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation); *McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007).

Based on the foregoing, Larry Lee is entitled to judgment as a matter of law on Torrey's claims for denial of access to the courts and the law library.

<u>Retaliation and Conspiracy</u>

Torrey alleges claims for retaliation and conspiracy against all Defendants. "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods*

*v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To prevail on claim of retaliation, Torrey must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). To prove causation, Torrey must show that "but for the retaliatory motive the complained of incident . . . would not have occurred." *McDonald*, 132 F.3d at 231 (internal citations and quotations omitted). Torrey must present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted).

Conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Further, Torrey must "prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993).

Torrey claims he was wrongfully issued a Rules Violation Report ("RVR") for assisting another inmate with his legal work in violation of Rule 35[6] and MDOC Policy 20-02-01,[7] and that this was done in retaliation for filing previous complaints about his conditions of confinement. He claims that Ms. Gatlin obtained a copy of another inmate's habeas corpus pleading to use as evidence against him for his RVR. He claims that Ms. Jackson was over the

---

[6]Rule 35 prohibits an inmate from "Attempting to commit any of the above offenses, aiding another person to commit any of the above offenses, making plans to commit any of the above offenses." *See* Inmate Handbook, Chapter 10, p. 27-28, http://www.mdoc.state.ms.us/Inmate%20Handbook.htm.

[7]Torrey testified that MDOC Policy 20-02-01 prohibits inmates from acting as writ writers through the law library. (Tr. [61] at 28.)

11

law library and gave the orders to Gatlin to copy the pleading to use against him for the RVR. However, Ms. Jackson actually issued the RVR. Torrey alleges that he wrote Warden Banks several letters about this issue, and that Warden Banks could have intervened and done something about it. He claims she could have looked in the rule book and seen that being a writ writer is not against the rules, and expunged the RVR from his record. Torrey claims that Officer Lindsey deliberately and/or fraudulently found him guilty of an RVR for violating a rule that did not exist. He also complains that Officer Lindsey acted as the first step responder through the ARP, rendering the appeal process of the RVR unfair. As a result of the RVR, Torrey claims he got "points" in his file, which affected his custody status. (Tr. [61] at 20-31.) Torrey did not make any specific allegations against Mr. Lee for the retaliation and conspiracy claims.

Torrey has failed to establish the Defendants' intent to retaliate against him for filing a previous complaint regarding his conditions of confinement. He has also failed to present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted). Likewise, Torrey's conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *See Wilson*, 976 F.2d at 958.

Torrey's claims regarding the false and/or fraudulent RVR and the improper/fraudulent disciplinary hearing also fail as a matter of law. In *Ordaz* v. Martin, 5 F.3d 529, 1993 WL 373830 (5th Cir. 1993), the plaintiff claimed that the female guards filed false disciplinary charges against him, which led to the loss of good time credit and various privileges. The Fifth Circuit noted that the plaintiff was "essentially seek[ing] to relitigate facts that were adjudicated during the disciplinary hearings at which he was found guilty of masturbating in public" and held that he failed to raise an arguable claim for the denial of a federal right. *Ordaz*, 1993 WL

373830, at *6. The court observed that the plaintiff's allegations were "indistinguishable from a malicious prosecution claim. . . ." which the Fifth Circuit has recognized "*may* form the basis of a § 1983 claim." *Id.* (citing *Brummett v. Camble*, 946 F.2d 1178, 1180 and n.2 (5th Cir. 1991)).[8] However, the Fifth Circuit held, "[e]ven assuming that there is a federally protected right to be free from malicious prosecutions (including false disciplinary charges in the confines of a state prison), . . . 'a plaintiff may not state a claim under § 1983 for malicious prosecution absent proof that the prosecution terminated in his favor.'" *Id.*

Here, Torrey has failed to allege, much less establish, that the disciplinary proceedings terminated in his favor; indeed, after a hearing on the matter, Torrey was found guilty of the RVR. *See* Ex. B-1 to Motion [55-4] at 11. Accordingly, he has not made an arguable showing that any constitutional right has been violated. This court does not "'second-guess' the findings and determinations of prison disciplinary committees[,]" nor does the "Constitution . . . demand 'error-free' decision making . . . ." *Hoye v. Nelson*, No. 4:07cv044-M-B, 2007 WL 1321964, at *1 (N.D. Miss. May 3, 2007) (quoting *Collins v. King*, 743 F.2d 248, 153-54 (5th Cir. 1984)); *see also McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007) (internal citations and quotations omitted) (dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915, where plaintiff claimed that he was innocent of the charges in the RVR, his disciplinary hearing was delayed, and that the report reflected the incorrect date and time that he received a copy of the report; the court stated that a "prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

Moreover, as a result of being found guilty of the RVR, Torrey alleges that he received

---

[8] The Fifth Circuit used the term "may" because the issue has not been finally decided. *Id.* (citing *Brummett*, 946 F.2d at 1180 and n.2).

points on his file, which affected his custody status. However, the record merely reflects that he lost thirty days of visitation privileges as a result of the guilty finding. *See* Ex. B-1 to Motion [55-4] at 11; Ex. E to Motion [52-2] at 41. Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that cell restrictions and loss of commissary privileges are "merely changes in the conditions of ... confinement and do not implicate due process concerns"); *Williams v. Geo Group, Inc.*, No. 4:08cv67-HTW-LRA, 2008 WL 2724889, at *1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an 'atypical and significant hardship' of prison life."). Thus, the change in Torrey's custody status and the loss of certain privileges do not amount to a constitutional violation.

Torrey also claims that as a result of previous complaints regarding his conditions of confinement, Defendant Jackson retaliated against him by tampering with his incoming and outgoing mail to/from his daughter and youngest son for the entire year of 2008. He also claims that he was denied visitation rights when his eldest son was not allowed to visit him in 2008. Torrey states, "One can only infer this was acts of retaliation for the plaintiff attempting to exercise his first amendment right to complain about his confinement." (Am. Compl. [44].) Torrey does not provide a specific date in 2008 when he was allegedly denied visitation with his son or any other specific information.[9] He also provides no basis for his claim of mail tampering.

---

[9] To the extent the denial of visitation occurred during the thirty-day period Torrey's visitation rights were taken away (May 9, 2008 to June 8, 2008) for being found guilty of the RVR, such punishment is discussed above. *See* Ex. E to Motion [52-2] at 41.

Torrey's allegations fall woefully short of establishing the Defendants' intent to retaliate against him, and of establishing direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted). Likewise, Torrey's conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *See Wilson*, 976 F.2d at 958.

Based on the foregoing, Defendants are is entitled to judgment as a matter of law on Torrey's conspiracy and retaliation claims.

Denial and/or Delay of Adequate Medical Treatment

Torrey alleges claims for the denial and/or delay of adequate medical treatment against Defendants Banks and Lee. Specifically, he claims that these Defendants have failed to provide him with adequate treatment for his deteriorating back condition, and have delayed providing him with his prescribed medication on several occasions. He claims he has an L1 and L5 compression fracture, which cause him extreme pain. (Tr. [61] at 34-37.)

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x. 963, 964 (5th Cir. 2004), *cert. denied*, 543 U.S. 864 (2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752,

15

756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the Torrey alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. Torrey must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x. at 965 (quoting *Domino*, 239 F.3d at 756).

"[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Torrey is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, Torrey's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

*Warden Banks*

Torrey claims that Warden Banks is responsible for the denial of adequate medical care because "she gets a copy of every medical slip that goes in to medical." (Tr. [61] at 35.) Torrey testified, "I don't know if it's just a deficiency of the medical department or if it's Warden

Banks." (Tr. [61] at 37.)

Based on the record, the court concludes that Warden Banks was not personally involved with Torrey's medical care. Warden Banks is a supervisory official at WCCF, and is not a medical professional. Accordingly, even if she does receive a copy of all sick call requests, Warden Banks is not in a position to personally evaluate and make decisions regarding Torrey's medical care. Because Warden Banks was not personally involved in Torrey's medical treatment, and because there is no respondeat superior liability under Section 1983, Torrey has failed to demonstrate that Warden Banks violated his constitutional rights. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2nd Cir. 2000) (holding that the failure of the non-doctor defendants– Warden and Health Services Administrator– to intervene in the medical treatment of an inmate was not objectively unreasonable, even if it were wrongful); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that because the warden and medical treatment director "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [plaintiff] to a doctor to treat his shoulder injury"); *see also Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (holding that medical director at Parchman was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff); *Hailey v. Savers*, 240 Fed. App'x. 670, 672 (5th Cir. 2007) (affirming dismissal of prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement in placing [plaintiff] in a job assignment that posed a substantial risk of harm or that [administrator] implemented policies to physically harm [plaintiff]").

Moreover, there is no competent summary judgment evidence of any constitutionally deficient policy or lack of policy which would give rise to liability on the part of Warden Banks

in her official capacity. The record does not reflect the denial of medical treatment, but rather disagreement with medical treatment. Torrey admits the medical staff increased his pain medication, "Indocin," to three doses a day, but claims it did not do any good. He also testified that he had received an MRI and at least three x-rays after complaining of back pain. (Tr. [61] at 34-36.)

Based on the foregoing, Warden Banks is entitled to judgment as a matter of law on Torrey's medical claims.

*Larry Lee*

Torrey alleges that Larry Lee, Contract Monitor, is the prisoners' only advocate through the MDOC to make sure that all policies and procedures have been followed. Torrey testified, "I feel like he was responsible because it could be tied in throughout this whole thing because he is, as I stated, the only one that represents MDOC." (Tr. [61] at 40-41.)

Torrey is attempting to hold Mr. Lee liable for the actions/inactions of WCCF medical staff in allegedly failing to ensure he received adequate medical treatment for his back. Torrey has failed to offer any competent evidence of personal involvement by Larry Lee in the alleged lack of medical care. *See supra*, *Jolly*, 923 F. Supp. at 943 (citing *Murphy*, 950 F.2d at 292) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."). Conclusory allegations are insufficient to create a genuine issue of material fact. *See Lujan*, 497 U.S. at 902. As previously stated, Section 1983 does not "create supervisory or *respondeat superior* liability." *See Oliver,* 276 F.3d at 742 & n.6. Moreover, there is no competent summary judgment evidence of any constitutionally deficient policy or lack of policy which would give rise to liability on the part of Mr. Lee in his official capacity.

Based on the foregoing, Larry Lee is entitled to judgment as a matter of law on Torrey's medical claims.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Motions for Summary Judgment [52][55] filed by Defendants be granted and that Torrey's claims be dismissed with prejudice.[10]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 28th day of September, 2009.

s/ Michael T. Parker  
United States Magistrate Judge

---

[10]Because the court addressed Torrey's claims on the merits, the court does not reach the Defendants' exhaustion arguments.