# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

CLIFTON TIMOTHY TORREY, SR.                                        PLAINTIFF

VERSUS                           CIVIL ACTION NO: 5:08-cv-289-DCB-MTP

WARDEN JACQUELYN BANKS, et al.                                    DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [docket entry no. 62] of United States Magistrate Judge Michael T. Parker that the defendants' Motions for Summary Judgment [docket entry nos. 52 and 55] be granted and that the plaintiff's claims against the defendants be dismissed without prejudice. Having considered the Report and Recommendation and the plaintiff's Objections to Magistrate Judge's Report and Recommendation [docket entry no. 63], having conducted a de novo review of those portions of the Report and Recommendation to which the plaintiff has objected in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Clifton Timothy Torrey ("Torrey" or "plaintiff"), the pro se plaintiff herein, is an inmate at the Wilkinson County Correctional Facility ("WCCF"), in Woodville, Mississippi. The instant case arises from Torrey's alleged claims of denial of access to the courts, denial of legal assistance, deliberate indifference to his serious medical needs, retaliation, conspiracy, mail tampering, and the denial of visitation rights. These claims are asserted against

Warden Jacquelyn Banks, Sharonda Jackson, Rosemary Gatlin, Officer T. Lindsey, and Larry Lee ("defendants").

Torrey filed his original Complaint [docket entry no. 1] on September 26, 2008.  Thereafter, he filed an Amended Complaint [docket entry no. 18] on December 19, 2008.  The defendants filed Motions for Summary Judgment on June 30, 2009, and July 9, 2009, respectively.  Magistrate Judge Parker issued his Report and Recommendation on September 28, 2009.  The plaintiff filed his Objection to the Report and Recommendation on October 13, 2009.

As stated previously, Judge Parker recommends that the defendants' summary judgment motions be granted and plaintiff's claims be dismissed with prejudice.  In regard to the plaintiff's denial of access to the courts and denial of legal assistance claims against Rosemary Gatlin, Judge Parker found that Torrey failed to show that he was denied access to the law library; Torrey failed to show that Ms. Gatlin prevented him from preparing and sending legal mail; and Torrey failed to show an actual injury caused by the alleged conduct of Ms. Gatlin.  In regard to the same claims asserted against Larry Lee, Judge Parker found that the claims fail as a matter of law because Mr. Lee cannot be held vicariously liable under a theory of respondeat superior for the actions of his subordinates under § 1983; Mr. Lee was not personally involved in the plaintiff's alleged denial of access to the courts or denial of legal assistance; the plaintiff failed to

offer competent summary judgment evidence of a constitutionally deficient policy or lack of policy which would give rise to liability on the part of Mr. Lee in his official capacity; and, even if the plaintiff's allegations were true, they do not amount to a constitutional violation.

As to the claims of retaliation and conspiracy asserted against all of the defendants, Judge Parker found that Torrey's allegations fail to establish the defendants' intent to retaliate against him; the allegations fail to establish direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred"[1]; and, the plaintiff's conclusory allegations of conspiracy are insufficient to state a claim under § 1983.

As to the plaintiff's claims of denial and delay of adequate medical treatment against Warden Jacquelyn Banks, Judge Parker found that Warden Banks was not personally involved with Torrey's medical care; the plaintiff alleged no evidence of any constitutionally deficient policy or lack of policy which would give rise to liability on the part of Warden Banks in her official capacity; and, the record does not reflect the denial of medical treatment but rather disagreement with medical treatment. More importantly, Judge Parker recognized that Torrey admitted that the medical staff increased his pain medication as requested and Torrey

---

[1] Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

received an MRI and three x-rays as part of treatment for his back pain. In regard to the same claims asserted against Larry Lee, Judge Parker found that Torrey failed to alleged any competent evidence of Mr. Lee's personal involvement with Torrey's medical treatment; Mr. Lee cannot be held vicariously liable under a theory of respondeat superior for the actions of his subordinates under § 1983 for Torrey's alleged denial of medical treatment; and Torrey offered no evidence of any constitutionally deficient policy or lack of policy giving rise to liability on the part of Mr. Lee in his official capacity.

In his objections to the Report and Recommendation, the plaintiff did not specifically object to the legal conclusions or the recommendations of the Magistrate Judge. Rather, Torrey reasserts his claims and the factual allegations supporting those claims.

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the plaintiff's objections, the Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 62] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the petitioner's objections [docket

entry no. 63] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the defendants' Motions for Summary Judgment [docket entry nos. 52, 55] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims against the defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this the 23rd day of March 2010

              s/ David Bramlette
              **UNITED STATES DISTRICT JUDGE**